IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JILL L. BORSUK,

                    Plaintiff,

        v.

RON KLAIN, MARY BETH HUBER, JOHN HUBER,
LAURA HERSHBERGER, MARK HERSHBERGER,
DIANE KING, ROBERT KING, NANCY PELOSI,
CHUCK TODD, MICHAEL ALBRECHT, and
GOVERNOR TONY EVERS,

                    Defendants.

OPINION and ORDER

23-cv-799-jdp

---

Plaintiff Jill L. Borsuk has filed an amended complaint alleging a conspiracy between federal, state, and private individuals to violate her rights in several ways. Because Borsuk proceeds in forma pauperis, I must screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Borsuk's allegations as true and construe them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I need not accept as true factual allegations that are clearly baseless, fanciful, irrational, or wholly incredible. *See Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016); *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). I will dismiss the amended complaint without leave to amend because the allegations are frivolous and fail to state a claim upon which relief may be granted.

ALLEGATIONS OF FACT

Defendants Mary Beth Huber, Laura Hershberger, and Diane King (Borsuk's sisters), defendant Klain (former White House chief of staff), and defendant Pelosi (congresswoman) conspired to "build a case" against Borsuk to acquire Borsuk's home and a small inheritance that her mother left her. Defendant Todd (NBC employee) helped Borsuk's sisters by listening to her family on their cell phones, waging a "pressure campaign" on her, and stealing her words and ideas for MSNBC shows. Defendant John Huber, Mary Beth Huber's husband, is Klain's best friend. The U.S. Department of Justice investigated Borsuk's allegations.

Defendant Albrecht (district attorney) participated in the pressure campaign, which included assaults on Borsuk. Albrecht also knew that defendants were listening to Borsuk and her family on their cell phones and taking control of Borsuk's computer. Instead of charging defendants with a crime, Albrecht wrongfully charged Borsuk with leaving the scene of an accident and possession. Defendant Evers (governor) participated in the pressure campaign and revoked Borsuk's payment plan to pay traffic tickets that the Wisconsin Supreme Court found unconstitutional.

ANALYSIS

Borsuk expressly cites the Fourteenth Amendment, though her allegations are probably better read as asserting claims under the Fourth Amendment and Federal Wiretap Act. Borsuk doesn't specify the relief that she seeks.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a federal right. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010). By comparison, in *Bivens v. Six Unknown Named Agents*

*of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "recognized . . . an implied private action for damages against federal officers alleged to have violated [certain] constitutional rights." *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Civil actions asserting constitutional violations must be based on governmental action. *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542, 107 (1987) ("The fundamental inquiry is whether the [defendant] is a governmental actor to whom the prohibitions of the Constitution apply."); *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir. 1984) (stating that "governmental action" is necessary for liability under § 1983 or *Bivens*). Action is taken under color of state law "when it involves a misuse of power . . . made possible only because the wrongdoer is clothed with the authority of state law." *See Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010). The test for whether an action is taken under color of federal law for *Bivens* purposes is similar. *See Marquez v. Jackson*, No. 13-cv-3278, 2016 WL 4720017, at *2 & n.2 (N.D. Ill. Sept. 9, 2016) (alterations adopted).

A private citizen may be liable under § 1983 if he conspires with a public employee to deprive the plaintiff of her constitutional rights. *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002). I will assume for screening that "if there is a *sufficient* allegation of conspiracy between a federal actor and private individuals, then a plaintiff may maintain a *Bivens* action against a private party." *See Szeklinski v. Neary*, No. 07-C-222, 2007 WL 777539, at *1 (E.D. Wis. Mar. 12, 2007) (emphasis added). I will also assume for screening that a federal

employee can be liable under § 1983 if he conspires with state actors to violate a plaintiff's federal rights. *See Hill v. Hornback*, No. 21-cv-80, 2023 WL 1995062, at *2 & n.2 (S.D. Ind. Feb. 14, 2023). "A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided." *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019).

Borsuk's allegations of conspiracy are fanciful. It's implausible that high-ranking federal officials like Pelosi and Klain would conspire with Borsuk's sisters to try to acquire her house and inheritance. The bare assertions that Borsuk's sister's husband is Klain's best friend, and that the DOJ investigated Borsuk's allegations, don't make this conclusory allegation of conspiracy any more plausible. In any case, none of the allegations suggest a violation of Borsuk's federal rights. I will not allow Borsuk to proceed on these allegations.

Equally implausible is the allegation that Albrecht and Evers conspired with the other defendants to engage in a pressure campaign against Borsuk. Borsuk provides no facts that make it plausible that high-ranking federal and state officials would conspire with a television journalist and Borsuk's relatives to pressure her (which supposedly included an assault). Borsuk's failure to describe this conduct or identify the person who allegedly assaulted her deepens my impression that this allegation is contrived. I will not allow Borsuk to proceed on this allegation.

Borsuk's other allegations are no more plausible. The allegations that defendants listened to Borsuk's phone calls and took control of her computer may suggest potential violations of the Fourth Amendment and Wiretap Act. But these allegations are part of the broader conspiracy among defendants which, as I've explained, is too fanciful to support a

claim. In any case, Borsuk fails to explain how she discovered this unlawful surveillance or describe what it involved. And Borsuk may not assert violations of the rights of her family members. *See Bronk v. Utschig*, No. 12-cv-832-wmc, 2012 WL 6586485, at *3 (W.D. Wis. Dec. 17, 2012) ("The right to litigate *pro se* is personal to each individual and does not grant authority to prosecute an action in federal court on behalf of others."). I will not allow Borsuk to proceed on these allegations.

I will not allow Borsuk to proceed on the allegation that Albrecht wrongfully charged her with two crimes; prosecutorial immunity bars it. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). I will not allow Borsuk to proceed on her apparent request for me to order Albrecht to charge defendants with a crime. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."); *Gardner v. Harvard Univ.*, No. 21-cv-503-wmc, 2023 WL 2163083, at *5 (W.D. Wis. Feb. 22, 2023) ("Gardner does not have a private right of action to sue in federal court for violations of federal criminal statutes, and I cannot initiate federal criminal proceedings.").

I will not allow Borsuk to proceed on the allegation that Evers revoked her payment plan to pay traffic tickets that the Wisconsin Supreme Court found unconstitutional because it fails to suggest a violation of her federal rights. If Borsuk is alleging a procedural due process violation, she doesn't allege that Evers deprived her of property, and this allegation is too vague to suggest that she had a protected liberty interest in the plan. Borsuk may be contending that Evers's actions violated state law, but mere violations of state law don't support federal constitutional claims. *Armstrong v. Daily*, 786 F.3d 529, 542 (7th Cir. 2015) ("[T]he fact that a public official violates state law does not mean that the federal Constitution has not also been

violated or that relief is not available under § 1983."). Also, because this claim lacks a logical relationship to Borsuk's conspiracy claims, she improperly joined it in this lawsuit. *See* Fed. R. Civ. P. 20(a)(2).

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving her a chance to amend the complaint. *Felton*, 827 F.3d at 636. But dismissal in this case is appropriate because it's clear that Borsuk's amended complaint is futile. *See Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013). Most of the conduct that Borsuk alleges doesn't suggest a violation of her federal rights and should be pursued, if at all, in state court. Borsuk's vague allegations of unlawful surveillance suggest potential federal law violations, but they are part of a conspiracy based on conclusory and far-fetched allegations. Because Borsuk has attempted to transform vaguely described conduct into a federal claim through fanciful allegations of conspiracy, there's no indication that giving her leave to amend would yield a plausible pleading.

ORDER

IT IS ORDERED that:

1. Plaintiff Jill L. Borsuk's amended complaint, Dkt. 5, is DISMISSED without leave to amend because it fails to state a claim and is frivolous.

2. The clerk of court is directed to enter judgment and send Borsuk a copy of this order and the judgment.

Entered December 11, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge